ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br><br>v.<br><br><br>GUILLERMO J. RIVERA COLÓN<br><br>Peticionario | KLCE202400664 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: FIS2024G0015-19<br><br>Sobre:<br>Art. 130 y Art. 133 CP |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Jueza Rivera Marchand y el Juez Rodríguez Flores

Rivera Marchand, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 29 de julio de 2024.

Comparece Guillermo J. Rivera Colón (peticionario) y nos solicita la revocación de una determinación emitida mediante una Minuta-Resolución, el 13 de mayo de 2024 por el Tribunal de Primera Instancia, Sala de Carolina (TPI o foro primario).[1] En esta, el foro primario denegó una solicitud de descubrimiento de prueba presentada por el peticionario al amparo de la Regla 95 (34 LPRA Ap. II, R. 95)

Por los fundamentos que exponemos a continuación, denegamos la expedición del auto de *certiorari*. Veamos.

**I.**

Por hechos ocurridos entre agosto de 2019 hasta mayo de 2020, el Ministerio Público presentó seis denuncias contra el peticionario por agresión sexual y actos lascivos a la menor de edad (B.A.C.C.) en violación a los delitos establecidos en el Artículo 130A

---

[1] Véase *Minuta* notificada en autos el 15 de mayo de 2024.

Número Identificador

RES2024_____

y el Artículo 133A del Código Penal de Puerto Rico de 2012, 33 LPRA sec. 5191 y 5194, respectivamente.

Superadas las etapas iniciales del procedimiento criminal, el 2 de febrero de 2024, el foro primario celebró el acto de lectura de acusación y luego autorizó el descubrimiento de prueba. A esos efectos, el peticionario solicitó acceso a la evidencia en poder del Estado, al amparo de la Regla 95 de las Reglas de Procedimiento Criminal, *supra*. En particular y atinente al recurso ante nos, solicitó copia fiel, exacta y certificada de todo informe, libreta, libro, notas, "notas en crudo" o memorándum preparado o suscrito por cualquier funcionario del Centro de Ayuda a Víctimas de Violación (CAVV) y del Centro de Servicios Integrados a Menores Víctimas de Abuso Sexual (CIMVAS) relacionadas a la investigación del caso de epígrafe.[2]

En su contestación, el Ministerio Público indicó que se le había entregado a la defensa la documentación que obraba en el sumario fiscal, (entre otros) a saber: 1) Informe Pericial de Alegaciones de Abuso Sexual B.C.C. suscrito por la psicóloga, Limarie Díaz Rodríguez, Evaluadora Forense del CAVV-CIMVAS; y 2) Informe de Evaluación Médica por Alegaciones de Agresión Sexual, suscrito por la doctora Madeline Asencio Montalvo, Médico Forense del CAVV-CIMVAS.[3]

Mediante una moción suplementaria, el Estado indicó que, no tenía las notas en crudo de CAVV-CIMVAS ya que el expediente y notas no se encuentran en el poder del Ministerio Público. Añadió que, según lo informado por la división legal de CAVV-CIMVAS, el Departamento de Salud está impedido de entregar el expediente de la investigación de CAVV-CIMVAS, por la naturaleza confidencial, según la Ley para la Seguridad, Bienestar y Protección de Menores,

---

[2] Apéndice pág. 35 Incisos 2(d) y 2 (t).
[3] Apéndice pág. 38.

Ley Núm. 246 del 16 de diciembre de 2011, así como, el Reglamento para la Certificación de los Centros de Servicios Integrados a Menores Víctimas de Abuso Sexual, Reglamento 8892 de 29 de diciembre de 2016, en su artículo 12. Dichos estatutos disponen sobre la naturaleza confidencial del expediente ya que se establece que, no será considerado como un documento público. En particular, expuso que, a modo de excepción, el referido Reglamento permite al Tribunal acceso, si se determina que es necesario para decidir una controversia relacionada con el bienestar del (de la) menor, en cuyo caso el acceso estará limitado a la inspección en cámara por el juez.

Por ello, durante el trámite de la presente causa, el TPI calendarizó la inspección del expediente de CAVV-CIMVAS. Surge de una moción informativa acreditada por el Ministerio Público que, el expediente de CIMVAS no estaba disponible para el Ministerio Público ni consta en el sumario fiscal.

Ahora bien, a pesar de expresar su anuencia a la inspección, llegado el día de la vista señalada, el 13 de mayo de 2024, el Estado asumió una postura distinta. En su exposición, el Estado indicó que, ante lo establecido en la Carta de Derechos de las Víctimas y Testigos de Delito, Ley Núm. 22 de 22 de abril de 1988, 25 LPRA sec. 973a, se requiere proteger y mantener la confidencialidad del expediente y/o las notas, conforme exige el privilegio entre víctima y consejero, establecido en nuestras Reglas de Evidencia.[4]

Por su parte, según surge de la minuta de la vista, el peticionario sostuvo que, su petición trata de una información específica y no interesa el expediente completo sino las notas de las entrevistas a la menor "ya que surgen versiones de los hechos y su representado tiene derecho a confrontarlas." De otra parte, resaltó

---

[4] Apéndice pág. 2.  Surge de la minuta referencia a la Regla 26 A derogada, sin embargo, tomamos conocimiento de la correspondiente Regla 507 de las Reglas de Evidencia vigente.

que, tiene derecho a contratar un perito para examinar notas y evidencia para preparar su contrainterrogatorio. Por último, indicó que, no se trata de investigar sobre el tratamiento al que fue sometida la menor, lo cual entiende que es confidencial y su intención no es divulgarla de ninguna forma. En una intervención se consignó que, el Tribunal expresó que, de examinar las notas, en efecto se estaría divulgando ese informe de una manera indirecta. En reacción, la defensa puntualizó que, de todas maneras, ya el Ministerio Público le había hecho entrega del informe final (o ambos informes periciales) y lo que interesaba eran las notas de las entrevistas.

Evaluadas las posturas de las partes, el TPI denegó la solicitud de acceso a las notas por entender que se violentaría la confidencialidad.

Inconforme, Rivera Colón acude ante nos y señala lo siguiente:

Erró el Honorable Tribunal de Instancia y abusó de su discreción al denegar la solicitud de la defensa para que se le entregaran las notas de las entrevistas realizadas por las peritas del CAVV-CIMVAS durante la preparación de sus informes forenses, lo que claramente violentó las garantías constitucionales del apelante al derecho de confrontación y al debido proceso de ley.

En cumplimiento con nuestra *Resolución,* la parte recurrida acredita un *Escrito en Cumplimiento de Orden* el 28 de junio de 2024.

Con el beneficio de las comparecencias de las partes, así como, la regrabación de la vista celebrada el 13 de mayo de 2024[5], procedemos a resolver.

## II.

### A. *Certiorari*

El recurso de certiorari es un auto procesal extraordinario por el cual un peticionario le solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior.

---

[5] Véase Comparecencia Especial emitida por la Secretaria Regional II el 12 de julio de 2024.

*Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de certiorari. *Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de certiorari de manera discrecional. *Pueblo v. Rivera Montalvo,* 205 DPR 352, 372 (2020).

A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de certiorari. La citada regla dispone:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. *Íd.*

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en que se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Banco Popular de Puerto Rico v. Gómez Alayón y otros,* 2023 TSPR 145, resuelto el 19 de diciembre de 2023; *Pueblo v. Rivera Montalvo,* supra, págs. 356-357.

**III.**

En el presente caso, el peticionario interesa la expedición del auto de *certiorari* y la revocación del dictamen recurrido. Arguye que, el foro primario incidió, al denegar su solicitud de entrega, de las notas de las entrevistas, realizadas durante la preparación de los informes periciales, como parte del descubrimiento de prueba, en este caso.

Hemos examinado con detenimiento el recurso ante nos y tomando en consideración las normas antes expresadas, debemos sopesar si procede nuestra intervención, según los criterios establecidos en la Regla 40 del Reglamente del Tribunal de Apelaciones, *supra.*

Al abundar sobre su postura en la petición de *certiorari* ante nos, el peticionario arguye que, al denegar su petitorio de acceso a las notas de las entrevistas a la menor, el foro primario violentó las protecciones constitucionales del peticionario provistas por la cláusula de confrontación y el derecho a un debido proceso de ley. Expuso que, de divulgarse la evidencia solicitada no implica violación al privilegio médico paciente o el privilegio sobre la relación consejero y víctima de delito. Además, en su escrito incluye la doctrina que versa sobre la prueba exculpatoria como parte del derecho aplicable en aras de fundamentar su súplica en la presente causa. Sostiene que, el foro incidió en la aplicación del derecho, por lo que se reúnen los criterios para la expedición del auto de *certiorari* y revocación del dictamen.

En su comparecencia ante nos, la parte recurrida se opone a la expedición del auto de *certiorari,* por entender que, el remedio y la disposición recurrida son correctas en derecho, por lo que, en este caso, no se cumplen los criterios establecidos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra.* En particular puntualiza que, la entrega de los informes periciales a la defensa no

implica que se haya renunciado a la confidencialidad de las notas, ya que no se utilizarán como prueba en el juicio. Enfatiza que el Ministerio Público tampoco interesa acceso al contenido de las notas o el expediente de CAVV-CIMVAS. Indica que, la información recopilada durante el tratamiento y la intervención no es prueba testimonial. Añade que, no existe problema de confrontación alguno en este caso porque las peritas que rindieron los informes periciales testificarán en el juicio. Arguye que, el derecho a descubrir prueba no es absoluto y el peticionario no ha establecido la necesidad, pertinencia y materialidad del descubrimiento de prueba solicitado y mucho menos ha logrado establecer que las notas, como materia solicitada, no sea una de naturaleza privilegiada, conforme dispone la Regla 507 de las Reglas de Evidencia, *supra.* A su entender el peticionario tampoco ha expuesto fundamentos que permitan ignorar las disposiciones sobre confidencialidad establecidas en la Carta de Derechos de Víctimas y Testigos, *supra* y la Ley Habilitadora de los CIMVAS, Ley 158-2013, según enmendada, respectivamente.

Luego de un examen sosegado del expediente, con el beneficio de los escritos de las partes, la regrabación de la vista y el derecho aplicable, no identificamos criterio o condición legítima alguna que amerite imponer nuestras funciones discrecionales sobre las debidamente ejercidas por el foro primario. A nuestro entender, el dictamen recurrido no es uno que se aparte de la norma aplicable a los derechos sustantivos y procesales invocados, ni producto de un abuso de discreción atribuible al foro primario. La misma se ajusta al estado de derecho aplicable a la materia que atendemos, por lo que, en forma alguna, transgrede las normas aplicables al descubrimiento de prueba en esta etapa de los procesos.

Por ello y al amparo de los criterios que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* no encontramos

indicio de que, el foro recurrido haya incurrido en error manifiesto o haya actuado de forma arbitraria, caprichosa, o de abuso, al ejercer su discreción. Además, no identificamos fundamento alguno que justifique la expedición del auto de *certiorari,* en aras de evitar un fracaso a la justicia. De nuestra evaluación concluimos que, la parte peticionaria no nos ha puesto en posición para determinar lo contrario. A esos efectos, nada justifica que intervengamos con el dictamen recurrido.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones